**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 24-4460**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEANDRE BARETTA LEGRAND,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00379-TDS-1)

─────────

Submitted:  September 25, 2025          Decided:  September 29, 2025

─────────

Before GREGORY and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Mary Ann Courtney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keandre Baretta Legrand pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Legrand to 46 months' imprisonment—which fell below the Sentencing Guidelines range—and three years' supervised release. On appeal, Legrand's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Legrand's sentence is procedurally and substantively reasonable. Although advised of his right to do so, Legrand has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (citation modified). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d

2

295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We conclude that Legrand's sentence is procedurally and substantively reasonable. The district court correctly calculated Legrand's Guidelines range,[*] allowed him to allocute, considered the parties' arguments, and explained why the chosen sentence was appropriate in light of the § 3553(a) factors. Furthermore, Legrand's below-Guidelines-range sentence is presumptively substantively reasonable, and nothing apparent in the record rebuts that presumption.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Legrand, in writing, of the right to petition the Supreme Court of the United States for further review. If Legrand requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Legrand.

---

[*] In questioning the sentence's procedural reasonableness, *Anders* counsel suggests that the district court may have erred by assigning one of Legrand's prior convictions one criminal history point pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(c) (2023). Legrand had five convictions that qualified under USSG § 4A1.1(c), with a point assigned for each conviction; however, only a maximum of four points may be counted under USSG § 4A1.1(c). Accordingly, even without the disputed criminal history point, Legrand would still have a total of four points under USSG § 4A1.1(c) and would have been assigned to the same criminal history category. We thus conclude that any error was harmless. *See United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) ("It is unnecessary to vacate a sentence based on an asserted Guidelines calculation error if we can determine from the record that the asserted error is harmless." (citation modified)).

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*